

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 31 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

**UNITED STATES OF AMERICA**

-vs-

**Case No.  1:09-CR-0326-BBM**

**DINERKY FERNANDEZ-PERALTA**

**Defendant's Attorney:**
**Natasha Perdew Silas**



## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant plead guilty to Count(s) 1-3 of the Information.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 8 U.S.C. §1326(a) | Re-Entry of a Removed Alien | 1 |
| 18 U.S.C. §1544 | Misuse of a Passport | 2 |
| 18 U.S.C. §1546(a) | Fraud and Misuse of Visas/Permits | 3 |

The defendant is sentenced as provided in pages 2 through  4 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$300.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.    None
Defendant's Date of Birth:    1978
Robert A. Deyton Correctional Facility
16662 Hastings Bridge Road
Lovejoy, GA  30228
Signed this the 31st day of July, 2009.

Date of Imposition of Sentence: July 31, 2009

BEVERLY B. MARTIN
UNITED STATES DISTRICT JUDGE

1:09-CR-0326-BBM: DINERKY FERNANDEZ-PERALTA

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TIME SERVED** on each of Counts 1, 2 and 3.

**The defendant is to be turned over immediately by the United States Marshal to a duly-authorized immigration official for appropriate removal proceedings from the United States, pursuant to 18 U.S.C. §3583(d) in accordance with the Immigration and Nationality Act. The defendant shall not seek relief from removal proceedings and shall not reenter the United States unless she applies for and receives permission from the Attorney General of the United States to legally reenter the United States.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

1:09-CR-0326-BBM: DINERKY FERNANDEZ-PERALTA

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on **supervised release** for a term of **1 year on Count 1 and 2 years on each of Counts 2 and 3**, with all such terms to be served concurrently.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall not own, possess or have under her control any firearm, dangerous weapon or other destructive device.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons..

Pursuant to 42 U.S.C. §14135a(d)(1) and 10 U.S.C. §1565(d) which require mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

The defendant shall submit to a search of his person, property, real or personal, residence, place of business or employment and/or vehicle(s) at the request of the United States Probation Officer. The defendant shall permit confiscation and/or disposal of any material considered contraband or any other item which may be deemed to have evidentiary value related to violations of supervision.

1:09-CR-0326-BBM: DINERKY FERNANDEZ-PERALTA
## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.